IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**ROGER W. SPRAGUE,**          :          **CIVIL NO. 1:CV-05-1605**
          **Plaintiff**          :
                              :
          **v.**          :
                              :
**BURTON NEIL, ESQUIRE;**          :
**BURTON NEIL ASSOCIATES, P.C.;**          :
**YALE D. WEINSTEIN, ESQUIRE;**          :
**EDWARD J. O'BRIEN, ESQUIRE;**          :
**JAY H. PRESSMAN, ESQUIRE;**          :
**UNIVERSAL BANK, N.A.; and**          :
**CITIBANK SOUTH DAKOTA, N.A.,**          :
          **Defendants**          :

     *     *     *     *     *     *     *     *     *

**ANNETTE M. SCHAFFHAUSER and** :          **Civil No. 1:05-CV-2075**
**STEVE E. SCHAFFHAUSER, JR.,**          :
          **Plaintiffs**          :
                              :
          **v.**          :
                              :
**CITIBANK (SOUTH DAKOTA) N.A.;** :
**BURTON NEIL & ASSOCIATES,**          :
**P.C.; BURTON NEIL, ESQUIRE;**          :
**EDWARD J. O'BRIEN;**          :
**JAY H. PRESSMAN; and**          :
**YALE D. WEINSTEIN,**          :
          **Defendants**          :

     *     *     *     *     *     *     *     *     *

**ANNETTE M. SCHAFFHAUSER,**          :          **CIVIL NO. 1:CV-06-2024**
          **Plaintiff**          :
                              :
          **v.**          :
                              :
**CITIBANK (SOUTH DAKOTA) N.A.,** :
          **Defendant**          :

## M E M O R A N D U M

Before the court are Plaintiffs' motions for reconsideration in the captioned matters. For the reasons that follow, the motions will be denied.

I.     **Background**

A.     **Facts**

The court writes for the parties only, all of whom are familiar with the facts and procedural posture of this case. It is unnecessary to supplement the facts as set forth in prior memoranda. The court will describe the procedural history of the instant motions, however.

B.     **Procedural History**

1.     **No. 1:05-CV-1605**

Plaintiff Roger Sprague was represented by Attorney Jonathan Altman from November 17, 2005 through August 17, 2006. From August 17, 2006 through December 21, 2006, Sprague was a *pro se* litigant. On December 21, 2006, Attorney Douglas Goldhaber entered his appearance on Sprague's behalf.

On January 16, 2007, Defendant Citibank (South Dakota), N.A. ("Citibank"), filed a motion for sanctions under Federal Rule of Civil Procedure 11, against Plaintiff Roger Sprague and his counsel (Doc. 51), and a brief in support thereof (Doc. 52). Sprague and counsel did not file a response to the motion, even after being instructed to do so by the court. (Doc. 70.)

On November 8, 2007, this court entered an order awarding sanctions to Citibank in the form of attorneys fees and costs to defend this action against Sprague and Goldhaber. Citibank was ordered to file affidavits demonstrating the

expenses that had gone into its defense. Citibank did so on November 15, 2007.
(Doc. 83.) After an order by the court to clarify the affidavits (Doc. 84), Citibank
responded on December 19, 2007 (Doc. 85.) The court awarded sanctions to
Citibank on December 27, 2007. (Doc. 86.) Plaintiff and Goldhaber are jointly and
severally liable for the money judgment. On January 7, 2008, Sprague filed the
instant motion for reconsideration of the award. (Doc. 87.) The motion has been
fully briefed and is ready for disposition.

## 2.   No. 1:05-CV-2075

On June 2, 2006, Citibank filed a motion for sanctions against Plaintiffs
Annette and Steve Schaffhauser and their then-counsel, Attorney David Brady (Doc.
33) and a brief in support thereof (Doc. 34). The Schaffhausers and Brady filed a
brief in opposition to the motion on June 19, 2006. (Doc. 39.) Citibank replied on
June 29, 2006. (Doc. 42.) The parties were given leave to file additional briefing.
(Docs. 45, 46, 48, 49.) On September 5, 2006, Brady was granted leave to withdraw
as counsel for the Schaffhausers. On October 30, 2006, Goldhaber entered his
appearance on behalf of the Schaffhausers. (Doc. 60.)

On January 7, 2007, Citibank filed a renewed motion for sanctions
under Federal Rule of Civil Procedure 11, against the Schaffhausers and their
counsel (Doc. 80), and a brief in support thereof (Doc. 81.) Brady opposed the
motion on January 25, 2007. (Doc. 96.) Citibank filed a reply brief on February 5,
2007. (Doc. 100.) On April 2, 2007, after the initially-assigned judge recused and
the case came to the undersigned, the Schaffhausers and Goldhaber were ordered to
respond to Citibank's renewed motion for sanctions no later than April 13, 2007.

(Doc. 105.)  Neither the Schaffhausers nor Goldhaber responded to the second motion.

On November 8, 2007, this court granted Citibank's motion for sanctions.  (Doc. 112.)  Citibank was ordered to file affidavits demonstrating the expenses that had gone into its defense.  Citibank did so on November 15, 2007.  (Doc. 114.)  After an order by the court to clarify the affidavits (Doc. 115), Citibank responded on December 19, 2007 (Doc. 117) and December 31, 2007 (Doc. 118).  The court awarded sanctions to Citibank on January 2, 2008.  (Doc. 119.)  Goldhaber and Brady were sanctioned separately, with the Schaffhausers jointly and severally liable for the amounts assessed to their attorneys.  On January 7, 2008, the Schaffhausers filed the instant motion for reconsideration of the award.  (Doc. 122.)  The motion has been fully briefed and is ready for disposition.

### 3.   No. 1:06-CV-2024

On May 18, 2007, Citibank filed a motion for sanctions under Federal Rule of Civil Procedure 11, for attorneys fees and costs, against Plaintiff Annette Schaffhauser (Doc. 9), and a brief in support thereof (Doc. 12.)  At the time, Ms. Schaffhauser was acting *pro se*.  Ms. Schaffhauser did not respond to the motion.  On November 8, 2007, the court granted Citibank's motion for sanctions.  (Doc. 15.)  Citibank was ordered to file affidavits demonstrating the expenses that had gone into its defense.  Citibank did so on November 15, 2007.  (Doc. 16.)  The court awarded sanctions to Citibank and against Ms. Schaffhauser on December 28, 2007.  (Doc. 18.)  On January 7, 2008, Goldhaber entered his appearance on her behalf.  On the same date, Ms. Schaffhauser filed the instant motion for reconsideration of the award.  (Doc. 20.)  The motion has been fully briefed and is ready for disposition.

II.          <u>**Legal Standard: Motion for Reconsideration**</u>

   A motion for reconsideration is governed by Federal Rule 59(e), which allows a party to move to alter or amend a judgment within ten days of its entry. *McDowell Oil Serv., Inc. v. Interstate Fire & Cas. Co.*, 817 F. Supp. 538, 541 (M.D. Pa. 1993). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café, by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.,* 52 F.3d 1194, 1218 (3d Cir. 1995)). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the [c]ourt and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (internal quotations omitted*)*. Likewise, reconsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment. *McDowell Oil Serv. Inc.*, 817 F. Supp. at 541. Finally, "[r]econsideration of judgment is an extraordinary remedy[, and] such motions should be granted sparingly." *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999).

**III.**          **Discussion**

Plaintiffs did not contest the motions for sanctions.[1]  They proffer no explanation for this failure.  *C.f. Touray v. Middlesex County*, 139 F. App'x 248, 431 (3d Cir. 2005) (rejecting plaintiffs' request for reconsideration of the district court opinion dismissing their case because they were served with a motion to dismiss at an incorrect address, when there was no allegation that they did not, in fact, receive service); *Burger v. Mays*, 176 F.R.D. 153, 155 (E.D. Pa. 1997) (motion for reconsideration granted when plaintiff's attorney admitted to mis-calendaring the date a response to a motion was due); *Lee v. Toyota Motor Sales, U.S.A., Inc.*, No. 96-2337, 1997 WL 256976, at *3 (E.D. Pa. May 16, 1997) (denying reconsideration because counsel failed to follow local rules and file a timely brief in opposition to a motion).  On this basis alone, the motion for reconsideration should be denied.

Substantively, Plaintiffs do not argue that a change in the law occurred between disposition of the motion for sanctions and the present; they do not argue that new evidence is available that was not available before the court granted the motion for sanctions and made its award.  Instead, they contend that the award of sanctions must be reconsidered "to correct a clear error of law or fact or to prevent manifest injustice."  *Max's Seafood Café*, 176 F.3d at 677.  The moving party must submit some evidence demonstrating that the court made a clear error or that enforcement of the order would be a manifest injustice.  *See id.* at 678; *A.K. Stamping Co., Inc. v. Instrument Specialties Co., Inc.*, 106 F. Supp. 2d 627, 666 (D.N.J. 2000).  Reconsideration under this paradigm is appropriate, among other

---

[1]  Attorney Brady contested one motion for sanctions, but is not party to any motion for reconsideration.  These are not the only motions to have gone unopposed in the course of these litigations.  The dilatory behavior of Plaintiffs and counsel will not be excused.

6

times, when liability imposed upon a particular party is a "legal and factual impossibility." *A.K. Stamping Co.*, 106 F. Supp. 2d at 666 (citing *Max's Seafood Café*, 176 F.3d at 678).  Here, Plaintiffs offer no facts about their circumstances to suggest that the court's grant of sanctions was clearly erroneous or manifestly unjust.  Plaintiffs list the factors that, they argue, this court should have considered when arriving at its award, but do not provide information as to why their circumstances dictate that the award should be changed or vacated.  The court did not have such information when the motion was decided or when the award was made; it does not have such information now.

Accordingly, this court finds no reason to reconsider its decision to grant Citibank's motions for sanctions against the plaintiffs in these matters, nor to reconsider its decision on the sanctions to award.  Plaintiffs' motions will be denied.

However, upon the court's own review of the record in Civil No. 05-1605, without any guidance from Plaintiffs or Goldhaber, the court recognized an error that must be corrected in the interests of justice.  Goldhaber entered his appearance in the case approximately twenty-six days before Citibank filed its motion for sanctions.  Before that date, Sprague had represented himself *pro se* or was represented by another attorney.  In its previous order awarding the amount of sanctions, the court held Goldhaber jointly and severally liable for the entire award.  This was in error.  After reviewing Citibank's affidavits again, the court now finds that Goldhaber is jointly and severally liable for attorneys fees in the amount of $453.50 and costs in the amount of $294.20, for a total of $747.70.  This amount

appropriately reflects his participation in the litigation, rather than holding him liable for the course of the litigation as a whole.   An appropriate order will follow.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated:  February 29, 2008.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**ROGER W. SPRAGUE,**        :      **CIVIL NO. 1:CV-05-1605**
            **Plaintiff**      :
                         :
         **v.**             :
                         :
**BURTON NEIL, ESQUIRE;**      :
**BURTON NEIL ASSOCIATES, P.C.;**   :
**YALE D. WEINSTEIN, ESQUIRE;**    :
**EDWARD J. O'BRIEN, ESQUIRE;**    :
**JAY H. PRESSMAN, ESQUIRE;**     :
**UNIVERSAL BANK, N.A.; and**      :
**CITIBANK SOUTH DAKOTA, N.A.,**   :
            **Defendants**     :

      *      *      *      *      *      *      *      *      *

**ANNETTE M. SCHAFFHAUSER and** :    **Civil No. 1:05-CV-2075**
**STEVE E. SCHAFFHAUSER, JR.,**   :
            **Plaintiffs**      :
                         :
         **v.**             :
                         :
**CITIBANK (SOUTH DAKOTA) N.A.;** :
**BURTON NEIL & ASSOCIATES,**     :
**P.C.; BURTON NEIL, ESQUIRE;**     :
**EDWARD J. O'BRIEN;**          :
**JAY H. PRESSMAN; and**        :
**YALE D. WEINSTEIN,**           :
            **Defendants**     :

      *      *      *      *      *      *      *      *      *

**ANNETTE M. SCHAFFHAUSER,**    :      **CIVIL NO. 1:CV-06-2024**
            **Plaintiff**      :
                         :
         **v.**             :
                         :
**CITIBANK (SOUTH DAKOTA) N.A.,** :
            **Defendant**     :

# O R D E R

For the reasons stated in the accompanying memorandum of law, **IT IS HEREBY ORDERED THAT:**

1) Roger Sprague's motion for reconsideration (Doc. 87) in Case No. 1:CV-05-1605 is **DENIED**, however, an amended order for sanctions in that matter will follow;

2) The Schaffhausers' motion for reconsideration (Doc. 122) in Case No. 1:05-CV-2075 is **DENIED**;

3) Annette Schaffhauser's motion for reconsideration (Doc. 20) in Case No. 1:CV-06-2024 is **DENIED**.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated:  February 29, 2008.